```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

STANLEY DONALD,                )
          Petitioner,          )
                               )
      v.                       )  C.A. No. 04-11728-MLW
                               )
EDWARD FICCO,                  )
          Respondent.          )
```

### ORDER ON MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL

For the reasons stated below, petitioner's motion to proceed without prepayment of fees is denied and he shall pay the $5 filing fee for this action within 42 days.  The motion for appointment of is denied without prejudice, and petitioner is directed to submit a petition for a writ of habeas corpus within 42 days or this action will be dismissed without prejudice.

### BACKGROUND

In early August 2004, petitioner Stanley Donald, an inmate at Souza-Baranowski Correctional Center, filed an application to proceed without prepayment of fees and a document titled "Petition for the Appointment of Counsel For Preparation of a Writ of Habeas Corpus." In the latter document, Donald asks this court to appoint counsel for him pursuant to 18 U.S.C. § 3006A to assist him in preparing a petition for a writ of habeas corpus.  It appears that Donald wishes to challenge his state court conviction on the grounds that he was not allowed to inspect and test certain exculpatory fingerprint evidence.  Petition, p. 2.

ANALYSIS

I.  The Application To Proceed Without Prepayment of Fees

In his application to proceed without prepayment of fees, Donald states that he receives approximately $70 per month in funds from family and a writers' fund.  Application, p. 1.  His account statement lists a balance of over $500.00.  On this record, I find that Donald has sufficient funds to pay the $5 filing fee for this habeas action, and I deny his application to proceed without prepayment of fees.

II.  The Motion for Counsel

Under the Civil Justice Act, a district court may appoint counsel for a habeas petitioner when the "interests of justice" so require it.  18 U.S.C. § 3006A(a)(2)(B); accord Rule 8(c) of the Rules Governing Section 2254 Habeas Proceedings.  Appointment of counsel is required only when the district court grants an evidentiary hearing, and appointment of counsel is otherwise within the discretion of the Court.  Id.

Whether the "interests of justice" require appointment of counsel depends on the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any factors deemed to be relevant by the Court.  See, e.g., Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (discussing factors to be considered in evaluating motion for appointment of counsel on § 2254

2

petition). Because Donald has not filed a habeas petition, it is not possible for the court to determine whether appointment of counsel is warranted. Cf. Abdullah, 18 F.3d at 573 (denying appointment). Thus, I will deny the motion for counsel without prejudice to its re-filing after Donald submits a petition for a writ of habeas corpus and the respondent files a responsive pleading.

> III. A Habeas Petition Must Specify
>      All Grounds of Relief, Contain a
>      Summary of Facts Supporting the Grounds
>      <u>Listed, and State the Relief Requested</u>

Under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must specify all grounds of relief that are available to the petitioner and set forth in summary form the facts supporting each ground of relief. Rule 2(c). The petition must also state the relief requested and be signed under the penalty of perjury. Id. Blank petitions in the form prescribed by Rule 2 are available from the Clerk of the Court. Id.

Although this Court does not require by local rule that Section 2254 habeas petitioners use any particular form for the petition, the use of the form is suggested because it assists petitioners by listing all of the requirements for the petition. Because Donald has not filed a petition and no document filed by him could be construed so as to substantially comply with the requirements for form outlined in Rule 2, Donald is directed to either file a new petition that

conforms to Rule 2 or to use the form for Section 2254 petitions provided by this Court. <u>See</u> Rule 2(e) (court may direct the return of non-conforming petition). The Clerk of Court will be directed to send petitioner a copy of the Section 2254 form.

CONCLUSION

ACCORDINGLY, it is ORDERED that

(1) The Application to Proceed Without Prepayment of Fees is DENIED;

(2) The Petition for Appointment of Counsel for Preparation of a Writ of Habeas Corpus is DENIED WITHOUT PREJUDICE to its refiling after petitioner submits a petition for a writ of habeas corpus and the respondent files a responsive pleading;

(3) If petitioner wishes to proceed with this action, he shall, within 42 days of the date of this order, (i) pay the $5 filing fee AND (ii) submit a petition for a writ of habeas corpus that substantially conforms with the requirements of Rule 2;

(4) The Clerk of Court shall send petitioner a Section 2254 habeas petition form with this Order.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>21st</u> day of <u>August</u>, 2004.

                                        s/ Mark L. Wolf
                                        MARK L. WOLF
                                        UNITED STATES DISTRICT JUDGE