UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STANLEY DONALD<br>　　Petitioner, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil Action No. 04-11728-MLW |
| EDWARD FICCO<br>　　Respondent. | )<br>)<br>)<br>) |  |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondents hereby answer the petition for writ of habeas corpus of the petitioner Stanley Donald.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a)-(d).　　Admitted. Further answering, the respondent states the citation in *Commonwealth v. Donald*, 56 Mass. App. Ct. 1109, 778 N.E.2d 1038 (2002).

9(e)(1)-(3).　　Admitted. Further answering, the respondent states that the citation is *Commonwealth* v. *Donald*, 438 Mass. 1104, 782 N.E.2d 515 (2003).

9(e)(4). Denied. The respondent states that the grounds raised in the petitioner's first Application for Leave to Obtain Further Appellate Review were (1) trial counsel was ineffective for not requesting a mistrial since at trial there was damaging testimony concerning the defendant's bad character that unfairly prejudiced the defendant and the judge's insufficient curative instruction concerning this testimony was ineffective in dissipating the impact that this testimony had on the jury; and (2) the motion judge erred in denying the defendant's motion for a new trial since such a denial was an abuse of discretion.

9(f). The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

10. Admitted.

11(a)(1)-(6) Denied. The respondent states that the petitioner's first motion for a new trial was filed on April 20, 2000 in Bristol County Superior Court. The nature of the proceeding was a motion for new trial that was denied without an evidentiary hearing on April 21, 2000. The grounds raised alleged that through the admissions of prior bad acts, prejudice testimony and prosecutorial misconduct and other errors in the conduct of his trial, his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution have been violated.

11(b).   Denied. The respondent states that the petitioner filed a postconviction discovery motion for independent fingerprint testing on December 19, 2002 and a motion for an evidentiary hearing on January 13, 2003. in Bristol County Superior Court. Both motions were denied without a hearing. The motion for independent fingerprint testing was denied without a hearing on January 2, 2003 by Massachusetts Associate Justice Richard F. Connon and the motion for an evidentiary hearing was denied without a hearing on January 21, 2003 by the same judge.

11(c)(1)(2).   Admitted.

11(d).   Left blank by the petitioner.

12A.   (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B.   (Ground two). The respondent denies each and every allegation of fact contained in paragraph 12B of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13.   Left blank by the petitioner.

14. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

15(a)-(g).   Admitted.

16. Admitted.

17. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1. Docket Sheet, *Commonwealth v. Stanley Donald*, Bristol No. 9973CR217.

2. Computerized Docket Sheet, *Commonwealth v. Stanley Donald*, BRCR1999-217.

3. Defendant's Brief, *Commonwealth v. Donald,* Massachusetts Appeals Court No. 01-P-969.

4. Commonwealth's Brief, *Commonwealth v. Donald*, Massachusetts Appeals Court No. 01-P-969.

5. Defendant's Moffett Brief, *Commonwealth v. Donald*, Massachusetts Appeals Court No. 01-P-969.

6. *Commonwealth v. Donald*, Memorandum and Order Pursuant to Rule 1:28, 56 Mass. App.Ct. 1109, 778 N.E.2d 1038 (2002).

7. Defendant's Application for Leave to Obtain Further Appellate Review, dated December 2, 2002.

8. *Commonwealth v. Donald*, 438 Mass. 1104, 782 N.E. 2d 515 (2003), denial of Defendant's Application for Leave to Obtain Further Appellate Review.

9. Defendant's Brief, *Commonwealth v. Donald*, Massachusetts Appeals Court No. 03-P-296.

10. Commonwealth's Brief, *Commonwealth v. Donald*, Massachusetts Appeals Court No. 03-P-296.

11. *Commonwealth v. Donald*, 60 Mass. App. Ct. 1125, 806 N.E.2d 1125 (2004).

12. SJC Docket Sheet, *Commonwealth v. Donald*, FAR-14118.

13. Defendant's Application for Leave to Obtain Further Appellate Review, dated May 6, 2004.

14. *Commonwealth v. Donald*, 442 Mass. 1101, 809 N.E.2d 1060 (2004), denial of Defendant's Application for Leave to Obtain Further Appellate Review.

## First Defense

The petition for writ of habeas corpus should be dismissed where it is time-barred. *See* 28 U.S.C. § 2244(d)(1).

## Second Defense

The petition for writ of habeas corpus should be dismissed where the petitioner has not exhausted the claims in ¶ 12A and ¶ 12B.

## Third Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

**Fourth Defense**

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1).

**Fifth Defense**

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence.  *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

**Sixth Defense**

The petition should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THOMAS F. REILLY<br>Attorney General |
|  | /s/ Eva M. Badway<br>Eva M. Badway<br>Assistant Attorney General<br>Criminal Bureau<br>One Ashburton Place<br>Boston, Massachusetts 02108<br>(617) 727-2200, ext. 2824 |
| Dated: July 15, 2005 | BBO # 635431 |

## CERTIFICATE OF SERVICE

     I hereby certify that on July 15, 2005, I caused a copy of the above <u>Answer</u> to be served by first-class mail, postage prepaid, upon Stanley Donald, *pro se*, Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464.

                                           <u>/s/ Eva M. Badway</u>
                                           Eva M. Badway