UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STANLEY DONALD<br>    Petitioner,<br><br>v.<br><br>EDWARD FICCO<br>    Respondent. | )<br>)<br>)<br>)<br>)   Civil Action No. 04-11728-MLW<br>)<br>)<br>)<br>) |

**RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION TO DISMISS**

    Edward Ficco, the respondent, by and through his counsel, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Stanley Donald. The petition must be dismissed as time-barred under 28 U.S.C.§ 2244(d), the statute of limitations for federal habeas corpus petitions. Because his convictions became final in January of 2003, the petitioner had to file his federal habeas petition within a one-year limitations period that expired in April of 2004. Moreover, the statute of limitations was not tolled at any point between January 2003 and September 2004. Consequently, because this habeas petition was not filed until September, 2004, – five months too late – the petition must be dismissed as time-barred. Furthermore, even if it had been timely filed, as argued in this memorandum, the petition would be dismissed where it contains exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U. S. 509, 518-519 (1982).

**PRIOR PROCEEDINGS**

    On July 13, 1999, a Bristol County grand jury indicted Donald for breaking and entering a dwelling in the daytime in violation of M.G.L. c. 266, § 18, malicious destruction of property in violation of M.G.L. c. 266, § 127 and assault with a dangerous weapon in violation of M.G.L.

c. 265, § 15B(b).  *See* Respondent's Supplemental Answer, [hereinafter cited as " R.S.A."], Ex. 1.  Before trial, the Massachusetts Superior Court Associate Justice Daniel F. Toomey allowed Donald's motion for funds to retain a fingerprint expert and a private investigator.  *Id.*  On March 22, 2000, the prosecutor filed a nolle prosequi as to the indictment charging assault with a dangerous weapon, and the petitioner's jury trial proceeded on the two remaining indictments before Massachusetts Associate Justice Tierney.  *Id.*  After the jury heard all the evidence, Judge Tierney entered a required finding of not guilty on the charge of malicious destruction of property.  *Id.*  On March 22, 2000, the jury found Donald guilty of the remaining charge of breaking and entering a dwelling in the daytime.  *Id.*  Judge Tierney sentenced Donald to a state prison term of a minimum of four years and a maximum of five years to be served from and after the sentence he was already serving.  *Id.*  The petitioner filed a timely notice of appeal.  *See* R.S.A., Ex. 1.  On April 20, 2000, the petitioner filed a pro se motion for a new trial alleging that through the admissions of prior bad acts, prejudice testimony and prosecutorial misconduct and other errors in the conduct of his trial, his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution have been violated.  *See* R.S.A., Ex. 10, at S.R.1.  Judge Tierney denied the motion without a hearing and the petitioner appealed.  *See* R.S.A., Ex. 1 and Ex. 10, at S.R.1.

       The two appeals were consolidated, and the petitioner was represented by new counsel.  *See* R.S.A, Ex. 3.  On November 19, 2002, in an unpublished memorandum and order pursuant to Rule 1:28, the Massachusetts Appeals Court affirmed the judgment of conviction and the order denying the motion for a new trial.  *See* R.S.A., Ex. 6, *Commonwealth v. Donald*, 56 Mass. App. Ct. 1109, 778 N.E.2d 1038 (2002).  Donald filed an application for further appellate review

("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC"), alleging that (1) trial counsel was ineffective for not requesting a mistrial since at trial there was damaging testimony concerning the petitioner's bad character that unfairly prejudiced the petitioner and the judge's insufficient curative instructions concerning this testimony were ineffective in dissipating the impact this testimony had on the jury; and (2) the motion judge erred in denying the defendant's motion for a new trial since such denial was an abuse of discretion. *See* R.S.A., Ex. 7. On January 7, 2003, the SJC denied the petitioner's ALOFAR. *See* R.S.A., Ex. 8, *Commonwealth* v. *Donald*, 438 Mass. 1104, 782 N.E.2d 515 (2003).

On December 19, 2002, Donald filed a *pro se* "Postconviction Motion for Independent Fingerprint Tests and Inspection and Preservation." *See* R.S.A., Ex. 2. On January 2, 2003, Massachusetts Associate Justice Richard F. Connon denied this motion without a hearing. *Id.* On January 13, 2003, Donald filed a *pro se* "Postconviction Motion for an Evidentiary Hearing," that was denied by Judge Connon on January 21, 2003 without a hearing. *Id.* The petitioner appealed the denial of both motions. *Id.* On April 8, 2004, in an unpublished memorandum and order pursuant to Rule 1:28, the Massachusetts Appeals Court affirmed the orders denying the postconviction motions. *See* R.S.A., Ex. 11, *Commonwealth v. Donald,* 60 Mass.App.Ct. 1125, 806 N.E.2d 1125 (2004). Donald filed a second ALOFAR in the SJC asserting that his postconviction motion for independent fingerprint tests and inspection should not have been denied without a hearing. *See* R.S.A, Ex. 13. On June 3, 2004, the SJC denied the petitioner's ALOFAR. *See* R.S.A., Ex. 14, *Commonwealth v. Donald,* 442 Mass. 1101, 809 N.E.2d 1060 (2004).

On September 10, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent now files this memorandum in support of his motion to dismiss.

## ARGUMENT

**I.     The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

This petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The SJC denied Donald's ALOFAR on January 7, 2003.  *See* R.S.A.,Ex. 8.  Allowing ninety days for the time to file a petition for writ of certiorari in the United States Supreme Court, Donald's conviction became final on April 7, 2003.  *See* 28 U.S.C. § 2244(d)(1)(A); *Voravongsa v. Wall*, 349 F.3d 1, 3 (1st Cir. 2003) (state conviction is final at expiration of ninety-day period to file petition for certiorari with the United States Supreme Court).  Donald therefore had until April 7, 2004 to bring a habeas petition. 28 U.S.C. § 2244(d); *Currie v. Matesanz*, 281 F.3d 261, 262 (1st Cir. 2002).  This petition was filed on September 10, 2004 -- five months too late.  *See* Docket at 7.  The petition therefore is time-barred under the statute of limitations for habeas petitions and must be dismissed.  28 U.S.C. § 2244(d).

Nor is Donald entitled to rely on the tolling provision set forth in § 2244(d)(2).  That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . .." *Id.*  The state court docket indicates that on December 19, 2002, Donald filed a *pro se* "Postconviction Motion for Independent Fingerprint Tests and Inspection and Preservation," and on January 13, 2003, Donald filed a *pro se* "Postconviction Motion for an Evidentiary Hearing," that was denied by Judge Connon on January 21, 2003 without a hearing.

*See* R.S.A., Ex. 2.[1]  Neither motion challenged the petitioner's conviction.  Instead, both motions sought material he claimed would be helpful in developing a challenge, thus neither the "Postconviction Motion for Independent Fingerprint Tests and Inspection and Preservation," nor the "Postconviction Motion for an Evidentiary Hearing," is the type of filing that can toll the statute of limitations.  *See Hodge v. Greiner*, 269 F.3d 104, 107 (2nd Cir. 2001)(New York prisoner's discovery request was not an "application for State post-conviction or other collateral review" within the meaning of the statute providing that the time during which such an application is pending shall not be counted toward a habeas limitation s period, and thus, did not toll the one-year limitations period for his habeas petition).

Since Donald's conviction became final on April 7, 2003, he had to file his habeas petition in federal court no later than April 7, 2004.  There were no tolling events that extended the one-year limitations period.  Consequently, because Donald did not bring this petition until September 10, 2004, it is five months too late.  Donald's petition therefore must be dismissed as time-barred.

**II.    The Habeas Corpus Petition Should Be Dismissed Where The Petitioner Failed to Exhaust Available State Court Remedies.**

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel.*

---

[1] Where a challenge is made to a criminal conviction, based upon the validity of the indictment, trial, conviction, or sentence, a motion for a new trial or for release from unlawful restraint under Mass. R. Crim. P. 30 provides the exclusive remedy.  *See Leaster v. Commonwealth*, 385 Mass. 547, 549, 432 N.E.2d 708 (1982).  *See also McCastle, petitioner*, 401 Mass. 105, 106, 514 N.E.2d 1306, 1307-08 (1987).

*Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). Congress codified the exhaustion doctrine in 28 U.S.C. §2254(b), which precludes federal court review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). This longstanding exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose v. Lundy*, 455 U.S. at 518. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984).

To satisfy the exhaustion requirement, the petitioner bears the heavy burden of showing that he "fairly presented the substance of his federal habeas claims to the state court before seeking federal review." *Adelson v. DiPaola*,131 F.3d at 262 (citations omitted); *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), *citing Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*). "It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." *Mele v. Fitchburg Dist. Ct.*, 850 F.2d at 820 (citations omitted). The Supreme Court enunciated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Comity, in these circumstances, dictates that [the petitioner] use the State's established

appellate review procedures before he presents his claims to [this] federal court." *O'Sullivan v. Boerckel*, 526 U.S. at 845.

In this habeas case the petitioner claims the following: (A) his conviction was obtained by the unconstitutional failure to disclose evidence favorable to the petitioner; and (B) the denial of the effective assistance of counsel. *See* Petition at ¶12. However, the petitioner has failed to exhaust his available state remedies with respect to both grounds of his petition for habeas corpus. *See* Petition at ¶12 and Supp. Ans., Ex.7 and Ex. 13. As set forth above, in his second ALOFAR in the SJC, the petitioner asserted that his postconviction motion for independent fingerprint tests and inspection should not have been denied without a hearing. *See* R.S.A, Ex. 13. Furthermore, in his first ALOFAR in the SJC the petitioner alleged that (1) trial counsel was ineffective for not requesting a mistrial since at trial there was damaging testimony concerning the petitioner's bad character that unfairly prejudiced the petitioner and the judge's insufficient curative instructions concerning this testimony were ineffective in dissipating the impact this testimony had on the jury and (2) the motion judge erred in denying the defendant's motion for a new trial since such denial was an abuse of discretion. *See* R.S.A., Ex. 7. Since the petitioner failed to fairly present to the SJC both of the claims he now raises in his federal habeas petition, that petition should be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982).

Additionally, a review of the petitioner's brief in his appeal to the SJC makes clear that the ineffective assistance of counsel claim presented to this Court is entirely new. The petitioner did not present the SJC with the factual allegations relative to ineffective assistance of counsel for embezzling the funds allowed by the state court for the fingerprint expert as set forth in his

Petition for Habeas Corpus.  See Petition at ¶12(B).  Instead, the petitioner argued to the SJC in his first ALOFAR that trial counsel was ineffective for not requesting a mistrial since at trial there was damaging testimony concerning the petitioner's bad character that unfairly prejudiced the petitioner and the judge's insufficient curative instructions concerning this testimony were ineffective in dissipating the impact this testimony had on the jury.  *See* R.S.A., Ex. 7.  He simply has changed horses mid-stream and, as such, has not provided the state courts with the first opportunity to correct the alleged constitutional error of which he now complains.  The law is well-settled: "[t]he exhaustion requirement is not satisfied if a petitioner presents...new factual allegations in federal court that transform his claim or cast it in a significantly different light." *Domaingue v. Butterworth, et al.*, 641 F. 2d 8, 12 (1st Cir. 1981).

"[F]ederal habeas oversight is not a freewheeling construct.  It is dependent, among other things, upon all of the claims asserted in the petition having been exhausted in the state courts." *Martens v. Shannon*, 836 F.2d at 717.  "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts to correct a constitutional violation." *Picard v. Connor*, 404 U. S. at 275, *quoting Darr v. Burford*, 339 U. S. 200, 204 (1950).  Since the petitioner failed to properly raise both of his habeas claims of this petition to the SJC, he did not afford that court the opportunity to confront -- let alone correct -- his claimed errors.  The petitioner "simply jumped the gun in bringing to a federal habeas forum contentions not first screened by the state courts." *Martens v. Shannon*, 836 F.2d at 718 (footnote omitted).  As such, the petition should be dismissed as unexhausted. *See Rose v. Lundy*, 455 U. S. at 518-519; *Picard v. Connor*, 404 U. S. at 276.

Where the petitioner has presented this Court with only unexhausted claims, the petition

must be dismissed in its entirety. *See Rose v. Lundy*, 455 U.S. at 520-522; 28 U.S.C. § 2254(b)(2). If this Court determines that these claims are not exhausted, under 28 U.S.C. § 2254(b)(2), it may only reach the merits of them to deny the writ. *See Adelson v. DiPaola*, 131 F.3d at 264; *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-1243 (10th Cir. 1997). Furthermore, while a stay and abeyance is available in limited circumstances, a petitioner must demonstrate good cause to excuse his failure to exhaust his claims and the claims presented must not be without merit. *See Rhines v. Weber*, 125 S. Ct. 1528, 1534 (March 30, 2005). In the instant case, Donald has not demonstrated any cause for his failure to exhaust his claims in state court, and his claims are without merit, thus a stay should not be granted. *Id.*

## **CONCLUSION**

For the reasons set forth above, the petition for a writ of habeas corpus should be dismissed as unexhausted.

                                                Respectfully submitted,

                                                THOMAS F. REILLY
                                                ATTORNEY GENERAL

                                                /s/Eva M. Badway
                                                Eva M. Badway
                                                Assistant Attorney General
                                                Criminal Bureau
                                                One Ashburton Place
                                                Boston, Massachusetts 02108
                                                (617) 727-2200, ext. 2824
Dated: July 15, 2005                             BBO # 635431

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 15, 2005, I caused a copy of the above <u>Memorandum of Law in Support of the Respondent's Motion to Dismiss</u> to be served by first-class mail, postage prepaid, upon Stanley Donald, *pro se*, Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464.

                                               /s/ Eva M. Badway
                                               Eva M. Badway