UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STANLEY DONALD | ) | |
|     Petitioner, | ) | |
| | ) | |
|       v. | ) | C.A. No. 04-11728-MLW |
| | ) | |
| EDWARD FICCO, | ) | |
|     Respondent. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                          January 30, 2006

I.  INTRODUCTION

Pro se Petitioner Stanley Donald ("Donald"), incarcerated in state prison on a conviction for breaking and entering a dwelling in the daytime, malicious destruction of property over $250, and assault with a deadly weapon, has filed a petition for writ of habeas corpus under 28 U.S.C. §2254 (Docket No. 7). Donald's petition alleges that 1) his conviction was obtained by the unconstitutional failure to disclose evidence favorable to the defendant due to the trial court's refusal to grant post-conviction discovery for an independent test on a set of fingerprints that were lifted from a broken window of the house that Donald was found guilty of breaking and entering into; and 2) denial of effective assistance of counsel based on his lawyer's alleged embezzlement of court-authorized funds for a fingerprint expert. Habeas Petition, ¶12. Donald paid the $5.00 filing fee for this action in a timely manner.

In support of his second claim, Donald has filed a

"Petitioner's Petition for Discovery of Documents" (Docket No. 18), requesting that this court order the respondent to produce documents, check receipts, and financial statements that are relevant to the funds issued by the State Court for a fingerprint expert.

On July 15, 2005, Respondent Edward Ficco ("Ficco") filed an Answer and a Supplemental Answer to Donald's petition (Docket Nos. 11 and 15). He also filed a Motion to Dismiss the petition on the grounds that the petition is time-barred under 28 U.S.C. §2244(d) and contains unexhausted claims. (Docket No. 12). After submitting a motion to enlarge the time to file a response to the motion to dismiss (Docket No. 17), Donald filed an opposition on August 9, 2005 (Docket No. 19).

Donald filed two (2) motions for appointment of counsel (Docket Nos. 2 and 6). The court entered orders (Docket Nos. 4 and 6) denying these motions without prejudice to their re-filing after Donald's submission of the petition for writ of habeas corpus and Ficco's filing of a responsive pleading to the petition. Accordingly, Donald filed a Renewed Motion for Appointment of Counsel (Docket No. 16) on July 25, 2005.

II. DISCUSSION

It has been long established that "a federal court should not consider questions posed in a habeas petition until the 'power of

2

the highest state court in respect to such questions' has been exhausted." Mele v. Fitchburg District Court, 850 F.2d 817, 819 (1st Cir. 1988), quoting United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925). Congress codified this exhaustion requirement in 28 U.S.C. §2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. §2254(b)(1).[1] First Circuit caselaw requires that "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). Furthermore, "[i]t is not enough that the same facts underly [sic] the claims. Rather, the legal theory in the state and federal courts must be the same." Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) (citations omitted). The burden of proving that a federal claim has been exhausted at the state court level is on the petitioner. Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989). The First Circuit has emphasized that this burden "is a heavy one." Id.

Donald has failed to satisfy the exhaustion requirement

_____

[1]The exhaustion requirement under 28 U.S.C. §2254(b)(1)(B) does not apply if "(i)there is an absence of available State corrective process; (ii) or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1)(B)(i)-(ii).

required by 28 U.S.C. §2254(b)(1) as to either of the claims contained in his habeas petition. Although he asserts that he presented both of these claims to the Supreme Judicial Court ("SJC") of Massachusetts in his Application for Leave to Obtain Further Appellate Review, neither of his applications to the SJC contain 1) a claim for a conviction obtained by the unconstitutional failure to disclose evidence favorable to the defendant; or 2) a claim for the denial of effective assistance of counsel based on counsel's embezzlement of court-authorized funds. See Resp. Supp. Answer, Exs. 7 and 13. Instead, Donald based his first appeal on 1) ineffective assistance of counsel due to his attorney's failure to request a mistrial; and 2) abuse of discretion for the judge's denial of his motion for a new trial. He based his second appeal solely on a violation of Article 12 of the Massachusetts Declaration of Rights for the trial court's post-conviction denial of his motion for an independent fingerprint test without a hearing.

Donald's sole claim before the SJC in his second application is distinct from his first claim for relief in his habeas petition even though the claims are based on the same set of facts (i.e. the trial court's refusal to allow post-conviction discovery for a fingerprint test). The different legal theories advanced in support of these claims provides evidence that the claims themselves are not the same. The legal theory asserted in Donald's

application before the SJC was based on an alleged violation of Massachusetts state law, which, Donald asserts, gives him an affirmative "'right to produce all proofs favorable to [himself].'" Resp. Supp. Answer, Ex. 13, pg. 4 (emphasis added).  On the other hand, the legal theory put forth in his habeas petition alleges a violation of federal law, which gives him the right to have favorable evidence disclosed to him by the prosecution.  See Habeas Petition, ¶12 (emphasis added).  Thus, despite their reliance on the same set of facts, these claims are substantively different due to the different rights they encompass pursuant to different sources of law.  Accordingly, Donald should have raised the claim that his conviction was obtained by the unconstitutional failure to disclose evidence favorable to himself in state court.  By failing to do so, he failed to exhaust his first claim for habeas relief.

In addition, Donald's claim for ineffective assistance of counsel in his first application to the SJC differs from the ineffective assistance claim that he raises in his habeas petition due to the separate set of facts underlying each claim.  The First Circuit has stated that "[t]he exhaustion requirement is not satisfied if a petitioner presents . . . new factual allegations in federal court that transform his claim or cast it in a significantly different light." Domainque v. Butterworth, et al., 641 F.2d 8, 12 (1st Cir. 1981).  As previously mentioned, Donald's habeas claim for ineffective assistance is premised on his trial

lawyer's alleged embezzlement of court-authorized funds.  On the other hand, his claim for ineffective assistance before the SJC relied on his counsel's failure to request a mistrial.  By supporting his ineffective assistance claim in federal court with a new set of facts (i.e. that his trial lawyer embezzled funds), Donald has both transformed his claim and cast it in a significantly different light.  As a result, Donald failed to exhaust his habeas claim for ineffective assistance of counsel at the state level as required by 28 U.S.C. §2254(b)(1).

Donald does not contend, nor does it appear, that either of the exceptions to the exhaustion requirement under  28 U.S.C. §2254(b)(1)(B) apply in this case.  Accordingly, it appears that dismissal is appropriate in this case since Donald's petition does not contain any claims that have been exhausted in state court.  Although stay and abeyance is permissible under a narrow range of circumstances, a court must determine that there is good cause for a petitioner's failure to exhaust his habeas claims.  Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005).  In this case, Donald has made no attempt to demonstrate good cause for his failure to exhaust each of the claims asserted in his habeas petition.

Accordingly, it is hereby ORDERED that:

1.  Respondent's Motion to Dismiss (Docket No. 12) is ALLOWED.

2.  Petitioner's Renewed Motion to Appoint Counsel (Docket No. 16) is MOOT.

3.  Petitioner's Motion to Enlarge (Docket No. 17) for an

6

extension of time to file a response to the respondent's Motion to
Dismiss is ALLOWED <u>nunc</u> <u>pro</u> <u>tunc</u>.

    4.  Petitioner's Petition for Discovery of Documents (Docket
No. 18) is MOOT.


                                                /s/ MARK L. WOLF
                                                UNITED STATES DISTRICT JUDGE